NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2016
Decided December 21, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-3260

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br> *v.* <br><br> EDWARD WHITE, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 12 CR 478 <br><br> Joan Humphrey Lefkow <br> *Judge.* |

**O R D E R**

Edward White pleaded guilty to possessing a firearm as a felon and possessing a controlled substance with intent to distribute. Before entering that plea, White had moved to suppress the evidence seized from his home—a firearm and drugs. The district court held a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and denied the motion, concluding that White failed to show that the police officer intentionally or recklessly omitted material information about the informant's criminal history from the warrant application. The court then sentenced White to 60 months' imprisonment. On appeal he challenges the denial of the motion to suppress, and we affirm the judgment.

White was living on Chicago's southwest side when an acquaintance seeking leniency on a pending charge tipped off police that White kept a handgun in his home. (White was not supposed to have a handgun, having been convicted in 1998 of two felonies.)

In an affidavit submitted with a search-warrant application, Chicago Police Officer Michael O'Connor related that an informant—referred to as "J. Doe" and described simply as "a citizen of Chicago"—told him that he had visited White's home on occasion over the past 2 months, the last time within 10 days, and there saw White multiple times retrieve a handgun from a closet in the basement. The informant knew that the home was White's because each time he visited he saw White's clothing and personal belongings and White was the one who answered the door. To corroborate the tip, O'Connor drove to the house with the informant, who confirmed that this was the spot where he saw White with the gun. When O'Connor showed him White's picture, the informant verified that this was the man who owned the weapon.

O'Connor and Doe appeared before a state judge, and O'Connor presented the warrant application supported by an affidavit that he and Doe both signed. The judge issued the warrant, and in the resulting search of the home police found a 9-millimeter pistol and ammunition, as well as bags of marijuana and cocaine. As a result, White was charged with unlawfully possessing a firearm and ammunition as a felon, 18 U.S.C. § 922(g)(1), and possessing marijuana and cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1).

On White's motion to suppress, the district court held a hearing under *Franks v. Delaware* to determine whether O'Connor had omitted material information from the warrant affidavit "knowingly and intentionally, or with reckless disregard for the truth." 438 U.S. at 155–56. Omitted from the affidavit was any reference to the informant's arrest the day before the warrant was sought or the likelihood that the tip was motivated by his desire for leniency. At the hearing, the government introduced evidence of the informant's criminal history (convictions for battery and aggravated vehicular hijacking and numerous arrests), which also had not been mentioned in the warrant affidavit.

The state judge who issued the warrant, Cook County Circuit Judge Gloria Chevere, testified at the *Franks* hearing about her general practices for determining whether probable cause exists for a warrant (she did not specifically recall this warrant). She first makes sure that the prosecutor's office has approved the warrant application; then asks to see a file folder containing, among other things, the informant's criminal

history; and, after reviewing those documents, asks the informant to state his or her true name, swear to the truth of the affidavit, and answer a few questions intended to assess credibility. She added that she does not consider the informant's reasons for offering information to police to have much relevance to probable cause because informants usually are seeking some benefit for their cooperation.

O'Connor also testified at the hearing about the meeting with Judge Chevere. He said that he brought information about the informant's criminal history, along with pictures of White and the targeted residence, but could not remember if the judge looked at the information. He recalled that he brought the informant to the meeting and that Judge Chevere asked the informant for his real name and placed him under oath.

The district court denied the motion to suppress. In reaching its decision, the court applied a two-part test under *Franks*: whether the officer omitted information intentionally or recklessly, and if so, whether that information was material to probable cause. *See* 438 U.S. at 155–56. The court concluded that White failed to prove the first part of the test because no inference could be drawn that O'Connor was trying to mislead Judge Chevere. The court highlighted three reasons: First, the officer "handed" to the judge a file folder containing Doe's criminal history, including information about his arrest the previous day; second, he ensured that Doe appeared before the judge, who had the opportunity to ask any question that she wished; and third, he sought and obtained approval from the prosecutor's office before seeking the warrant.

White eventually pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g), and possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), but reserved the right to appeal the denial. The court sentenced him to 60 months for each count, to run concurrently.

On appeal White challenges the denial of his motion to suppress. He maintains that he did prove the first part of the *Franks* inquiry—that O'Connor deliberately or recklessly omitted information regarding the informant's criminal history and motive for cooperating. *See* 438 U.S. at 155–56; *United States v. Gregory*, 795 F.3d 735, 743 (7th Cir. 2015). White contests the district court's reasons for concluding that O'Connor did not intend to mislead Judge Chevere. O'Connor's police training, White adds, permits the inference that he knew of the judge's need for the omitted information to make an informed decision.

Regarding the court's first reason—that O'Connor brought a file folder with the omitted information to the judge—White contends that the record shows only that

O'Connor brought along the informant's rap sheet, not that he actually presented the information to the judge. But the district court credited both O'Connor's testimony that he brought the arrest report to the meeting and Judge Chevere's testimony that her general practice was to ask to see a file folder containing the informant's criminal history. From this testimony the district court could reasonably infer that the judge followed her general practice and that O'Connor actually "handed" the report to the judge, supporting the conclusion that the officer did not intend to omit material information.

As for the second reason—that O'Connor presented Doe to the judge for questioning—White argues that this did not belie O'Connor's intent to mislead because the judge did not ask Doe enough questions to evaluate his credibility. But the substance of this questioning is irrelevant to O'Connor's aim in securing Doe's testimony. The decision to present Doe "provided the issuing judge with an opportunity to learn more about [Doe's] status [as a recent arrestee] and credibility," *United States v. Williams*, 718 F.3d 644, 653 (7th Cir. 2013), and hardly suggests deception on O'Connor's part.

White attacks the district court's third reason by contending that O'Connor's submission of the affidavit to the state prosecutor's office for review does not repudiate O'Connor's intent to mislead. Indeed, the prosecutor's office likely did not know about the missing information, let alone approve of its omission. This third reason strikes us as marginal, but the court's other two reasons for denying the motion sufficiently support its finding that O'Connor's omissions did not reflect any intent to mislead the judge.

White also argues for the first time that the district court erred in denying his suppression motion because, even apart from any *Franks* violation, the absence of probable cause to justify the search warrant was clear on the face of the warrant affidavit. But as the government points out, we may not consider this argument because White neither raised it in the district court nor presented good cause for failing to do so. *See* FED. R. CRIM. P. 12(c)(3); *United States v. Daniels*, 803 F.3d 335, 351–52 (7th Cir. 2015); *United States v. Figueroa*, 622 F.3d 739, 742 (7th Cir. 2010); *United States v. Murdock*, 491 F.3d 694, 698–99 (7th Cir. 2007). In any event, if we were to review this argument for plain error, the affidavit did not lack probable cause; Doe's detailed, first-hand observations of recent events provided its factual basis, O'Connor took steps to corroborate that information, and Doe appeared before the issuing judge. *See United States v. Sutton*, 742 F.3d 770, 773 (7th Cir. 2014).

AFFIRMED.